ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| ALICIA OXALIS MIRANDA MATOS<br><br>Parte Apelante<br><br>v.<br><br>ALEXIS GABRIEL MERCADO LÓPEZ Y NAYLIAN MORALES SANTA, AMBOS POR SI Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE BIENES GANANCIALES QUE TIENEN CONSTITUIDA ENTRE AMBOS; Y MUNICIPIO DE BAYAMÓN, A TRAVÉS DE SU ALCALDE HON. RAMÓN LUIS RIVERA CRUZ<br><br>Parte Apelada | TA2026AP00123 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2022CV01339<br><br>Sala: 403<br><br>Sobre:<br>Acción Reivindicatoria Daños y Perjuicios Remedios Provisionales Regla 56 y 56.5 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de junio de 2026.

Comparece ante *nos* Alicia Oxalis Miranda Matos (Miranda Matos o apelante) y nos solicita que revisemos una *Sentencia* emitida el 4 de diciembre de 2025 y notificada el 8 de diciembre de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Bayamón. Mediante dicho dictamen, el TPI declaró *Ha Lugar* la *Solicitud de Sentencia Sumaria* que presentó el Municipio de Bayamón (Municipio o apelada) y la *Moción Solicitando se Dicte Sentencia Sumaria* que presentaron Alexis Gabriel Mercado López y Naylian Morales Santa.

Por los fundamentos que expondremos a continuación, *revocamos* la *Sentencia* apelada.

**I.**

El 3 de marzo de 2022, Miranda Matos presentó una *Demanda* sobre acción reivindicatoria y daños y perjuicios en contra

del Municipio, Alexis Gabriel Mercado López y Naylian Morales Santa. Alegó que, el 12 de febrero de 2022, al intentar acceder a su propiedad por un camino, descubrió que las condiciones habían sido alteradas por obras llevadas a cabo por el Municipio, Alexis Gabriel Mercado López y Naylian Morales Santa. Específicamente, planteó que la presencia de tiestos sobre el área destinada al camino impidió el paso.

Luego de varios incidentes procesales, innecesarios pormenorizar, el 21 de febrero de 2023, el Municipio presentó una *Contestación a Demanda y Demanda Contra Coparte*. En la misma, sostuvo que no se encontraba en posesión del terreno que se pretendía reivindicar y/o que no colocó objetos que impidieran el paso a la apelante. Además, levantó como defensa afirmativa la falta de jurisdicción por el incumplimiento de la notificación previa requerida al Alcalde.

Así las cosas, el 27 de febrero de 2023, Alexis Gabriel Mercado López y Naylian Morales Santa presentaron una *Contestación a Demanda*. Entretanto, el 27 de marzo de 2023, Alexis Gabriel Mercado López y Naylian Morales Santa presentaron una *Réplica a Demanda Contra Coparte*. Además, ese mismo día, Alexis Gabriel Mercado López y Naylian Morales Santa presentaron una *Reconvención* en contra de Miranda Matos. El 6 de diciembre de 2023, la apelante presentó una *Contestación a Reconvención*.

Posteriormente, el 8 de septiembre de 2025, Alexis Gabriel Mercado López y Naylian Morales Santa presentaron una *Moción Solicitando se Dicte Sentencia Sumaria*. En síntesis, señalaron que procedía dictar sentencia sumaria ante la inexistencia de hechos materiales en controversia. Así pues, arguyeron que la parte apelante está litigando de manera temeraria, pues está reclamando una acción reivindicatoria, pero no surge de la *Demanda* que estén ocupando su terreno. Indicaron, además, que la parte apelante

reclamó una acción de daños, pero no ha presentado evidencia que pruebe el daño sufrido o algún informe pericial que demuestre su conexión con el alegado daño sufrido. Asimismo, afirmaron que Miranda Matos ha fallado en establecer quien es el dueño del camino y quien es el responsable del mantenimiento del camino.

Acto seguido, el 15 de septiembre de 2025, Miranda Matos presentó una *Moción de Desestimación de Reconvención y/o de Sentencia Sumaria*. En igual fecha, el Municipio presentó una *Solicitud de Sentencia Sumaria.* Planteó que procede dictar sentencia sumaria, por no existir hechos materiales en controversia. Expresó que, la parte apelante no cumplió con los requisitos de notificación al Alcalde, el cual es un requisito jurisdiccional. Por otro lado, afirmó que no se le puede imputar la titularidad o el deber de mantener dicho camino público, cuando el mismo no le ha sido cedido. Aseveró que, el deber de mantenerlo continúa siendo de la persona que segregó el referido camino, cuya titularidad aun ostenta y que no se ha incluido como parte indispensable en el caso. Por último, adujo que los trabajos objeto de controversia fueron realizados por un tercero no relacionado al Municipio y que esto fue confirmado por el codemandado, Alexis Gabriel Mercado López.

En desacuerdo, el 29 de septiembre de 2025, la apelante presentó una *Moción en Oposición a Solicitud de Sentencia Sumaria de los Demandados Alexis Gabriel Mercado López y Naylian Morales Santa.* Alegó que, la solicitud de sentencia sumaria que presentaron Alexis Gabriel Mercado López y Naylian Morales Santa carece de especificidad en cuanto al párrafo de la *Demanda* a la cual se refieren o indicación de la página de la deposición de la cual surge la información.

El 20 de octubre de 2025, Miranda Matos presentó una *Moción en Oposición a Solicitud de Sentencia Sumaria del Demandado Municipio de Bayamón.* Mediante esta, afirmó que no procede dictar sentencia sumaria por existir hechos materiales en controversia.

Resaltó que, el Municipio tiene el control y mantenimiento sobre el camino de uso público. Esbozó que, existe una controversia genuina en cuanto a la participación del Municipio en las obras que afectaron el camino, específicamente, en la construcción de los encintados y cunetones que presuntamente conllevó el movimiento de tierra en el área.

Además, razonó que no procede el planteamiento jurisdiccional por ausencia de notificación al Alcalde, pues la situación fáctica del caso es una de las excepciones, por haberse presentado la *Demanda* y diligenciado el emplazamiento dentro del término de noventa (90) días a partir del momento en que la apelante advino en conocimiento de los daños.

Trabada la controversia, el 4 de diciembre de 2025, el foro primario emitió una *Sentencia* mediante la cual el TPI declaró *Ha Lugar* la *Solicitud de Sentencia Sumaria* que presentó el Municipio y la *Moción Solicitando se Dicte Sentencia Sumaria* que presentaron Alexis Gabriel Mercado López y Naylian Morales Santa. En consecuencia, el TPI se declaró sin jurisdicción para atender la reclamación de daños y perjuicios presentada en contra del Municipio. En cuanto a la acción reivindicatoria, el foro primario también se declaró sin jurisdicción, por no haberse incluido como parte al titular del camino al ser parte indispensable. Asimismo, determinó que la parte apelada no está en posesión del terreno objeto de la controversia y que no cumplió con los requisitos de la acción reivindicatoria. Finalmente, el foro primario declaró *No Ha Lugar* la acción en daños y perjuicios, por no ser el Municipio, Alexis Gabriel Mercado López y Naylian Morales Santa, los responsables del movimiento de tierra, incluyendo los cortes de terreno.

El 23 de diciembre de 2025, Miranda Matos presentó una *Moción Solicitando Reconsideración de Sentencia.* Ese mismo día, el TPI emitió una *Resolución Interlocutoria,* notificada el 29 de

diciembre de 2025, mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración.

Inconforme, el 6 de febrero de 2026, la apelante compareció ante *nos* mediante un recurso de *Apelación* y alegó la comisión de los siguientes errores:

A. ERRÓ EL TPI AL DETERMINAR QUE LA DEMANDANTE-APELANTE CARECÍA DE LEGITIMACION ACTIVA PARA PRESENTAR LA DEMANDA Y EN REQUERIR LA ACUMULACIÓN DE PARTES INDISPENSABLES SEGÚN ESTABLECIDO POR LA REGLA 16.1 DE PROCEDIMIENTO CIVIL.

B. ERRÓ EL TPI EN DETERMINAR QUE NO TIENE JURISDICION SOBRE EL MAB DETERMINANDO AUSENCIA DE NOTIFICACION PREVIA AL MUNICIPIO.

C. ERRÓ EL TPI AL DETERMINAR QUE POR NO HABERSE CEDIDO EL CAMINO DE USO PÚBLICO AL MUNICIPIO DEBE DESESTIMARSE EL CASO.

D. ERRÓ EL TPI AL NO CONSIDERAR LAS RESPONSABILIDAS DEL MUNICIPIO PARA CON LOS CAMINOS Y CALLES DENTRO DE SU DEMARCACION MUNICIPAL EXPUESTAS EN LA OPOSICION A SENTENCIA SUMARIA DEL MAB.

E. ERRÓ EL TPI AL DETERMINAR QUE LA DEMANDANTE – APELANTE DEBÍA LLEVAR UN DESLINDE Y NO UNA ACCION REININDICATORIA.

F. ERRÓ EL TPI AL DISPONER DE ESTE CASO MEDIANTE SENTENCIA DICTADA SUMARIAMENTE.

Examinado el recurso ante nuestra consideración, el 13 de febrero de 2026, emitimos una *Resolución* concediéndole un término de veinte (20) días a la parte apelada para presentar su posición al recurso. El 9 de marzo de 2026, el Municipio presentó su *Alegato en Oposición*. Gabriel Mercado López y Naylian Morales Santa no comparecieron.

**II.**

**A. Sentencia sumaria**

Como es sabido, la Regla 36 de Procedimiento Civil (32 LPRA Ap. V) regula todo lo relacionado a la moción de sentencia sumaria. *Cruz Cruz y otros v. Casa Bella Corp.*, 213 DPR 980 (2024); *Acevedo*

*y otros v. Depto. Hacienda y otros*, 212 DPR 335 (2023). Dicho mecanismo procesal es utilizado en aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, la celebración de un juicio en su fondo no es necesaria en la medida que solo resta por dirimir determinadas controversias de derecho. *Oriental Bank v. Caballero García*, 212 DPR 671 (2023). Véase, además, *Acevedo y otros v. Depto. Hacienda y otros, supra*; *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310 (2021). Según ha resuelto nuestro Tribunal Supremo, un hecho material es aquel que puede alterar la forma en que se resuelve una reclamación, de acuerdo con el derecho sustantivo aplicable. *Conklin et al. v. Passalacqua et al.*, 2026 TSPR 18, 217 DPR ___ (2026); *Cruz Cruz y otros v. Casa Bella Corp., supra.*

El propósito que persigue el mecanismo de la sentencia sumaria es que los pleitos civiles sean solucionados de forma justa, rápida y económica. *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023). Véase, además, *Acevedo y otros v. Depto. Hacienda y otros, supra*; *SLG Fernández-Bernal v. RAD-MAN et al., supra*; *Rodríguez Méndez v. Laser Eye et al.*, 195 DPR 769 (2016). Por tanto, quien promueva la sentencia sumaria deberá establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material. *Oriental Bank v. Caballero García, supra.* Solo procede dictar sentencia sumaria, cuando surge de manera clara que el promovido por la solicitud no prevalecerá bajo ningún supuesto de hechos. *Conklin et al. v. Passalacqua et al., supra.* Ello, debido a que, si hay una disputa real y sustancial sobre la existencia de algún hecho material, el tribunal se debe apartar de la adjudicación sumaria. *Íd.*

Así pues, la Regla 36.3 de Procedimiento Civil (32 LPRA Ap. V), establece cual será el contenido y los requisitos de forma que deberán observarse tanto en la solicitud de sentencia sumaria que

inste la parte promovente, como en la oposición que pueda presentar la parte promovida. *Acevedo y otros v. Depto. Hacienda y otros, supra*; *León Torres v. Rivera Lebrón*, 204 DPR 20 (2020).

Por ser la sentencia sumaria un remedio discrecional, el principio rector para el uso de este mecanismo es el sabio discernimiento del juzgador, ya que mal utilizada puede privar a una parte de su día en corte, principio elemental del debido proceso de ley. *Jusino et als. v. Walgreens*, 155 DPR 560 (2001). Así pues, un tribunal podrá emitir una sentencia sumaria si de las alegaciones, deposiciones, contestaciones, interrogatorios y admisiones ofrecidas, junto a las declaraciones juradas – según fueran ofrecidas – surge que no existe una controversia real sustancial en cuanto a ningún hecho material, restando entonces resolver la controversia en estricto derecho. *Acevedo y otros v. Depto. Hacienda y otros, supra*; Regla 36.3 de Procedimiento Civil, *supra*. Así pues, resulta esencial que de la prueba que acompaña la solicitud de sentencia sumaria surja de manera preponderante que no existe controversia sobre los hechos medulares del caso. *Cruz Cruz y otros v. Casa Bella Corp., supra.*

Así, para sostener u oponerse a una petición de sentencia sumaria las partes podrán presentar, entre otras, las siguientes piezas de evidencia: certificaciones, documentos públicos, admisiones de la parte contraria, deposiciones, contestaciones a interrogatorios, declaraciones juradas o affidavits, y hasta prueba oral. *Acevedo y otros v. Depto. Hacienda y otros, supra,* citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 318. Nuestro máximo Foro ha sido enfático en que, cuando una parte acompaña su solicitud u oposición de sentencia sumaria de una o varias declaraciones juradas, estas deben cumplir con las disposiciones especiales pautadas en la Regla 36.5 de Procedimiento Civil (32 LPRA Ap. V). *Acevedo y otros v. Depto. Hacienda y otros, supra.*

A esos efectos, se requiere que las declaraciones juradas demuestren afirmativamente el conocimiento personal y la calificación del testigo, también se requiere que se presenten únicamente hechos admisibles como evidencia en un juicio. Hernández Colón, *op. cit.* pág. 319. Por consiguiente, cuando la solicitud de sentencia sumaria está apoyada en una o varias declaraciones juradas, dicha prueba no podrá contener solo conclusiones sin hechos específicos que las sustenten. *Acevedo y otros v. Depto. Hacienda y otros, supra.* Lo anterior, serían meras conclusiones reiterando las alegaciones de la demanda y, por tanto, prueba insuficiente y sin valor probatorio. *Íd.* citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* San Juan, Pubs. J.T.S., 2000, T. I, págs. 615-616.

El Tribunal Supremo de Puerto Rico ha sido enfático en que, el hecho de que la parte promovida no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia sumaria, no implica que dicha moción procederá automáticamente si efectivamente existe una controversia sustancial sobre hechos materiales. *Acevedo y otros v. Depto. Hacienda y otros, supra*; *SLG Fernández-Bernal v. RAD-MAN et al., supra.* Ahora bien, nuestro máximo Foro ha reiterado que una moción de sentencia sumaria no procederá cuando: (1) existen hechos materiales controvertidos (2) hay alegaciones afirmativas en la demanda que no han sido refutadas (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material, o (4) como cuestión de derecho no procede. *Acevedo y otros v. Depto. Hacienda y otros, supra.* Véase, además, *SLG Fernández-Bernal v. RAD-MAN et al., supra*; *Vera v. Dr. Bravo,* 161 DPR 308 (2004).

De igual forma, el mecanismo de sentencia sumaria no es utilizable cuando existen controversias de hechos materiales sobre

elementos subjetivos de intención, propósitos mentales o negligencia. *Cruz Cruz y otros v. Casa Bella Corp.*, *supra*. Véase, además, *Acevedo y otros v. Depto. Hacienda y otros*, *supra*; *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656 (2017); *Ramos Pérez v. Univisión*, 178 DPR 200 (2010); *Soto v. Hotel Caribe Hilton*, 137 DPR 294 (1994). Sin embargo, nada impide que se utilice el mecanismo de sentencia sumaria en reclamaciones que requieran elementos subjetivos o de intención cuando de los documentos a ser considerados en la solicitud de sentencia sumaria surge la inexistencia de controversia en torno a los hechos materiales. *Cruz Cruz y otros v. Casa Bella Corp.*, *supra*.

Además, puntualizamos que al momento de atender una solicitud de revisión de sentencia sumaria los foros apelativos estamos llamados a "examinar el expediente de *novo* y verificar que las partes cumplieron con las exigencias" pautadas en las Reglas de Procedimiento Civil. *Acevedo y otros v. Depto. Hacienda y otros*, *supra*; *SLG Fernández-Bernal v. RAD-MAN et al.*, *supra*; *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010 (2020). Según ha establecido el Tribunal Supremo, este Tribunal está limitado a: (1) considerar los documentos y argumentos que se presentaron ante el foro primario (lo cual implica que, en apelación, los litigantes no pueden añadir prueba que no fue presentada oportunamente ante el tribunal de instancia ni esbozar nuevas teorías); (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) determinar si el derecho se aplicó de forma correcta. *González Meléndez v. Mun. San Juan et al.*, *supra*. Así pues, los foros apelativos estamos en la misma posición que los tribunales de instancia y se utilizan los mismos criterios para evaluar una solicitud de sentencia sumaria. *Íd.* Véase, además, *Cruz Cruz y otros v. Casa Bella Corp.*, *supra*.

### B. Parte indispensable

La Regla 16.1 de Procedimiento Civil (32 LPRA Ap. V) dispone lo atinente a la acumulación de una parte indispensable. En específico, la citada regla establece que: "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehúse hacerlo, podrá unirse como demandada". (Énfasis nuestro).

Cónsono con lo anterior, una *parte indispensable* se ha definido como "[A]quella que tiene tal interés en la cuestión envuelta en la controversia que no puede dictarse un decreto final entre las partes en la acción sin lesionar y afectar radicalmente su interés, o sin permitir que la controversia quede en tal estado que su determinación final haya de ser inconsistente con la equidad y una conciencia limpia". *Cirino González v. Adm. Corrección et al.*, 190 DPR 14 (2014). La Regla 16.1 de Procedimiento Civil, *supra*, encarna el principio fundamental de incluir a todas las partes con interés para que, así, el decreto judicial que se emita sea completo. *DACo v. Luma Energy, LLC.*, 2025 TSPT 26, 216 DPR ___ (2025).

El interés de la parte en el litigio debe ser de "[…] tal orden que impida la confección de un derecho adecuado sin afectarle o destruirle radicalmente sus derechos". *Pérez Rosa v. Morales Rosado*, 172 DPR 216 (2007); *Cirino González v. Adm. Corrección et al.*, *supra*. Asimismo, el interés debe ser real e inmediato, y no cimentado en especulaciones ni en eventos futuros. *Pérez Rosa v. Morales Rosado, supra.* "La indispensabilidad de una parte deviene del mandato constitucional que prohíbe que una persona sea privada de su libertad o propiedad <u>sin el debido proceso de ley</u>". (Énfasis y subrayado nuestro). Hernández Colón, *op. cit.* pág. 165.

En esencia, la precitada Regla, *supra*, pretende: (i) proteger las personas ausentes de los posibles efectos perjudiciales que pueda ocasionarles la resolución del caso; (ii) emitir una determinación completa; y (iii) evitar la multiplicidad de pleitos. *Cirino González v. Adm. Corrección et al., supra*; *Aponte v Román,* 145 DPR 477 (1998).

Al determinar si una persona es una parte indispensable en un pleito, se requiere un enfoque pragmático e individualizado, al tenor de las particularidades de cada caso. *García Colón et al. v. Sucn. González,* 178 DPR 527 (2010). En ese sentido, el tribunal deberá evaluar los intereses involucrados y distinguir entre los diversos géneros de casos. *Deliz et als. v. Igartúa et als.*, 158 DPR 403 (2003). Ello "exige una evaluación jurídica de factores tales como tiempo, lugar, modo, alegaciones, prueba, clase de derechos, intereses en conflicto, resultado y formalidad". *Íd.*, citando a *Sánchez v. Sánchez*, 154 DPR 645 (2001). A su vez, deberá examinar si el tribunal "podrá hacer justicia y conceder un remedio final y completo <u>sin afectar los intereses del ausente</u>". (Subrayado nuestro). *Pérez Rosa v. Morales Rosado, supra*; J. A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1era ed. rev., 2012, págs. 139-141.

Dado a la importancia de una parte indispensable, el hecho de no acumularla podría conllevar la desestimación del pleito. *Cirino González v. Adm. Corrección et al., supra.* Ahora bien, no significa que se desestimará la causa de acción automáticamente. Ante esa circunstancia, el tribunal puede brindarle la oportunidad a una parte de traer a la parte omitida, siempre que pueda asumir jurisdicción sobre ésta. *Íd.*

En fin, lo verdaderamente trascendental es que la ausencia de una parte indispensable priva de jurisdicción al tribunal. *García Colón et al. v. Sucn. González, supra*, pág. 550. Como corolario, "la sentencia que se emita en ausencia de parte indispensable es

nula". *Íd.* Véase, además, *Unysis P.R., Inc. v. Ramallo Brother Printing, Inc.*, 128 DPR 842 (1991).

## C. **Acción contra el Municipio**

En lo que nos atañe, el Artículo 1.051 del Código Municipal de Puerto Rico establece la manera de proceder en caso de tener una causa de acción sobre daños y perjuicios contra algún municipio. Específicamente, el referido artículo dispone lo siguiente:

> Toda persona que tenga reclamaciones de cualquier clase contra un municipio por daños personales o a la propiedad, ocasionados por la culpa o negligencia del municipio, deberá presentar una notificación escrita dirigida al Alcalde, haciendo constar en forma clara y concisa la fecha, lugar, causa y naturaleza general del daño sufrido. En dicha notificación se especificará, además, la cuantía de la compensación monetaria o el tipo de remedio adecuado al daño sufrido, los nombres y direcciones de sus testigos y la dirección del reclamante, y en los casos de daño a la persona, el lugar donde recibió tratamiento médico en primera instancia.
>
> (a) Forma de entrega y término para hacer la notificación. — Dicha notificación se entregará al Alcalde, se remitirá por correo certificado a la dirección designada por el municipio o por diligenciamiento personal, acudiendo a la oficina del Alcalde durante horas laborables, y haciendo entrega de la misma a su secretaria personal o al personal administrativo expresamente autorizado a tales fines.
>
> La referida notificación escrita deberá presentarse dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños reclamados. Si el reclamante está mental o físicamente imposibilitado para hacer dicha notificación en el término antes establecido, no quedará sujeto al cumplimiento del mismo, debiendo hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad. [...]
>
> (b) Requisito jurisdiccional. — No podrá responsabilizarse, ni iniciarse acción de clase alguna contra un municipio, en reclamaciones por daños causados por culpa o negligencia, a menos que el reclamante haga la notificación escrita, en la forma, manera y en los plazos de caducidad dispuestos en este Artículo. No constituirá una notificación válida, aquella que se presente en alguna otra entidad estatal o municipal que no sea la del municipio contra el que se presenta la reclamación. (21 LPRA sec. 7082).

En este sentido, el requisito de notificación establecido en la mencionada norma constituye una condición previa indispensable para iniciar cualquier acción judicial en resarcimiento de daños y perjuicios en contra de un municipio. *Rivera Fernández v. Mun. Carolina*, 190 DPR 196, 206 (2014); *Mangual v. Tribunal Superior*, 88 DPR 491 (1963). En efecto, dicho requisito persigue varios objetivos de carácter público:

> 1) proporcionar a estos cuerpos políticos la oportunidad de investigar los hechos que dan origen a la reclamación; 2)

desalentar las reclamaciones infundadas; 3) propiciar un pronto arreglo de las mismas; 4) permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios; 5) descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; 6) advertir a las autoridades municipales de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual; y, 7) mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado. *López v. Autoridad de Carreteras*, 133 DPR 243 (1993).

Asimismo, nuestro máximo Foro ha reconocido que la presentación de una demanda contra el Estado o Municipio y el diligenciamiento del emplazamiento dentro del término de noventa (90) días desde que el reclamante tuvo conocimiento de los daños que reclama, cumplen cabalmente con el propósito del requisito de la notificación previa de dar aviso de la reclamación para que se activen los mecanismos de investigación del Gobierno, antes de que desaparezcan los testigos y la prueba objetiva. *Passalacqua v. Mun. de San Juan*, 116 DPR 618 (1985).

### D. Daños y perjuicios

El Artículo 1536 del Código Civil (31 LPRA sec. 10801) establece que: "[l]a persona que por culpa o negligencia causa daño a otra, viene obligada a repararlo". Como sabemos, en materia de daños y perjuicios, para que prospere una reclamación bajo el precitado artículo, tiene que darse la concurrencia de tres elementos básicos a saber: (1) un acto u omisión culposo o negligente del demandado (2) la presencia de un daño físico o emocional en el demandante y (3) que exista un nexo causal entre el daño sufrido y el acto u omisión. *Sucesión Mena Pamias et al. v. Jiménez Meléndez et al.*, 212 DPR 758 (2023). Véase, además, *Cruz Flores et al. v. Hospital Ryder et al.*, 210 DPR 465 (2022); *Pérez et al. v. Lares Medical et al.*, 207 DPR 965 (2021); *Nieves Díaz v. González Massas*, 178 DPR 820 (2010).

La culpa o negligencia del deudor consiste en la omisión de aquella diligencia que exige la naturaleza de la obligación y corresponde a las circunstancias de las personas, del tiempo y del lugar. Artículo 1163 del Código Civil (31 LPRA sec. 9315). Cuando

la obligación no expresa la diligencia que debe prestarse en su cumplimiento, se exige la que corresponde a una persona prudente y razonable. *Íd.* La responsabilidad que procede de la negligencia es exigible en el cumplimiento de toda clase de obligaciones, pero los tribunales, según los casos, pueden moderarla. *Íd.*

Por otra parte, el daño se compone de todo menoscabo material o moral que sufre una persona en sus bienes, propiedad o patrimonio, por el cual otra persona ha de responder. *García Pagán v. Shiley Caribbean,* 122 DPR 193 (1988). Es decir, el menoscabo puede infligirse en los bienes vitales naturales, la propiedad o el patrimonio del perjudicado. *Nieves Díaz v. González Massas, supra,* pág. 845. Ahora bien, el daño sufrido debe ser real y palpable, no vago o especulativo. *Soto Cabral v. ELA,* 138 DPR 298 (1995). El resarcimiento o indemnización pecuniaria consiste en atribuir al perjudicado la cantidad de dinero suficiente para compensar su interés perjudicado. *García Pagán v. Shiley Caribbean,* 122 DPR 193 (1988); *Rodríguez Cancel v. AEE,* 116 DPR 443 (1985). Así pues, se requiere la existencia certera de un daño, pues de lo contario el reclamo sería especulativo y no adjudicable en derecho.

En cuanto al requisito de relación causal, el estándar aplicable es el de causalidad adecuada. La doctrina de la causalidad adecuada – la cual rige en Puerto Rico – dispone que "no es causa toda condición sin la cual no se hubiera producido el resultado, sino la que ordinariamente lo produce según la experiencia general". *Sucesión Mena Pamias et al. v. Jiménez Meléndez et al., supra; Nieves Díaz v. González Massas, supra.* La relación causal - imprescindible en una reclamación en daños y perjuicios- es un elemento del acto ilícito que vincula al daño directamente con el hecho antijurídico. *Nieves Díaz v. González* Massas, *supra,* págs. 844-845. Este concepto de la causa presupone que la ocurrencia del daño que da base a la reclamación sea previsible dentro del curso

normal de los acontecimientos. *López v. Porrata Doria,* 169 DPR 135 (2006). Es por esto que, el deber de indemnizar requiere que haya un nexo causal entre el daño y el hecho que lo originó, pues solo se indemnizarán los daños que sean consecuencia del hecho que obliga a la indemnización. *Estremera v. Inmobiliaria Rac. Inc.,* 109 DPR 852 (1980). Así pues, un daño podrá considerarse como el resultado probable y natural de un acto u omisión negligente, si luego del suceso -mirándolo retrospectivamente- éste parece ser la consecuencia razonable y común de la acción u omisión de que se trate. *Santiago v. Supermercados Grande,* 166 DPR 796 (2006).

Los conceptos de negligencia y causalidad adecuada exigen que, de algún modo, se cumpla con el criterio de previsibilidad. No obstante, para fines de la negligencia, lo importante es identificar si el demandado podía prever que su acción u omisión podría causar algún daño. En otro sentido, con el propósito de determinar si existe causa legal o adecuada, hay que evaluar si el demandado podía prever que su acción u omisión podría causar el tipo de daño que se produjo. *Colón Pérez v. Televicentro de Puerto Rico,* 175 DPR 690 (2009).

Sin embargo, no es necesario que se haya anticipado la ocurrencia del daño en la forma precisa en que ocurrió; basta con que el daño sea una consecuencia natural y probable del acto u omisión negligente. *Tormos Arroyo v. DIP,* 140 DPR 265 (1996). La omisión que genera responsabilidad civil por negligencia es aquella conducta que constituye el quebrantamiento de un deber de cuidado impuesto o reconocido por ley, cuando de haberse realizado el acto omitido se hubiera evitado el daño. *Soc. Gananciales y. González Padín, Co.,* 117 DPR 94 (1986). Es decir, ante una reclamación fundada en responsabilidad por omisión, la pregunta de umbral es si existía un deber jurídico de actuar de parte del alegado causante del daño. *Arroyo López v. E.L.A.,* 126 DPR 682 (1990).

### E. Acción reivindicatoria y deslinde

El propietario que no posee puede ejercitar la acción reivindicatoria contra el poseedor que frente a él no puede alegar derecho que justifique su posesión. Artículo 820 del Código Civil (31 LPRA sec. 8101). Son requisitos de la acción reivindicatoria: (a) el justo título de propiedad del demandante; (b) que la acción se dirija contra quien tiene la cosa en su poder; (c) falta de título del poseedor no propietario que permita seguir en la posesión; y (d) la identificación precisa de la cosa cuya restitución se solicita. Artículo 821 del Código Civil (31 LPRA sec. 8102).

Igualmente, sabiendo que el Tribunal de Primera Instancia deberá examinar la validez o eficacia de los títulos, el demandante estará obligado a (1) probar su título sin descansar exclusivamente en los vicios que tenga el titulo promovido; y (2) demostrar que el inmueble que reclama es el mismo que surge de los documentos, títulos y demás medios de evidencia en que basa su pretensión. *Ramírez Quiñones v. Soto Padilla*, 168 DPR 142 (2006).

De otro lado, la acción de deslinde es la operación por la cual se fijan los límites materiales de una finca que están confundidos. Artículo 829 del Código Civil (31 LPRA sec. 8132). El propietario tiene derecho a deslindar y a amojonar su predio, con citación de los dueños de los predios colindantes. Artículo 830 del Código Civil (31 LPRA sec. 8133). La misma facultad corresponde a los que tienen derechos reales, independientemente de que no posean. *Íd.*

Las acciones de deslinde y amojonamiento son imprescriptibles, sin perjuicio de los derechos adquiridos por usucapión. Artículo 831 del Código Civil (31 LPRA sec. 8134). Así, el deslinde puede efectuarse por cualquier procedimiento técnico de agrimensura, con citación de los propietarios colindantes. Artículo 832 del Código Civil (31 LPRA sec. 8135). Estos últimos deben presentarse, por sí mismos o por medio de representantes, en el

lugar, el día y la hora señalados, con los títulos suficientes de propiedad que amparen su derecho. *Íd.* A falta de títulos suficientes, el deslinde puede efectuarse por lo que resulta de la posesión en que estén los colindantes. *Íd.* Para los efectos de este artículo, constituye titulo suficiente aquel que provea, de forma adecuada, la cabida de la finca y los restantes datos necesarios para su deslinde y amojonamiento. *Íd.*

Si los títulos no determinan el límite o el área perteneciente a cada propietario y la cuestión no puede resolverse por la posesión o por otro medio de prueba, el deslinde debe hacerse mediante la distribución, en partes iguales, del terreno objeto del conflicto. Artículo 833 del Código Civil (31 LPRA sec. 8136). Sin embargo, si los títulos de los colindantes indican un espacio mayor o menor del que comprende la totalidad del terreno, el aumento o la falta debe distribuirse proporcionalmente. Artículo 834 del Código Civil (31 LPRA sec. 8137).

Así pues, la parte interesada en instar una acción de deslinde debe hacer constar en la demanda: (1) la descripción de la propiedad; (2) el interés que la parte reclame tener en ella; (3) nombre de la persona en posesión de la propiedad; (4) la razón por la cual se solicita se haga el deslinde; y (5) el requerimiento hecho a la otra parte y la negativa de esta. *Zalduondo v. Méndez*, 74 DPR 637 (1953).

### III.

En su recurso, la parte apelante plantea que erró el TPI al determinar que carecía de legitimación activa para presentar la *Demanda* y en requerir la acumulación de partes indispensables, según establecido en la Regla 16.1 de Procedimiento Civil, *supra.* Manifestó que erró el foro primario al determinar que no tiene jurisdicción sobre el Municipio ante la ausencia de notificación previa. Indicó, además, que erró el TPI al no considerar las responsabilidades del Municipio para con los caminos y calles

dentro de su demarcación municipal expuestas en la oposición a sentencia sumaria del Municipio.

Asimismo, arguyó que erró el foro primario al determinar que debía llevar un deslinde y no una acción reivindicatoria. Por último, esbozó que erró el TˇPI al disponer del caso mediante sentencia dictada sumariamente. Por estar estrechamente relacionados, discutiremos los señalamientos de error de forma conjunta. *Veamos.*

Según el derecho que antecede, al momento de atender una solicitud de revisión de sentencia sumaria los foros apelativos estamos llamados a "examinar el expediente de *novo* y verificar que las partes cumplieron con las exigencias" pautadas en las Reglas de Procedimiento Civil. *Acevedo y otros v. Depto. Hacienda y otros*, *supra.* Por lo tanto, este Tribunal está limitado a: (1) considerar los documentos y argumentos que se presentaron ante el foro primario (lo cual implica que, en apelación, los litigantes no pueden añadir prueba que no fue presentada oportunamente ante el tribunal de instancia ni esbozar nuevas teorías); (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) determinar si el derecho se aplicó de forma correcta. *González Meléndez v. Mun. San Juan et al.*, *supra.* Así pues, los foros apelativos estamos en la misma posición que los tribunales de instancia y se utilizan los mismos criterios para evaluar una solicitud de sentencia sumaria. *Íd.*

Del récord se desprende que, Alexis Gabriel Mercado López y Naylian Morales Santa presentaron una *Moción Solicitando se Dicte Sentencia Sumaria.* Junto a la solicitud de sentencia sumaria anejaron los siguientes documentos: (1) Informe sobre Mensura de Condiciones Existentes y Acceso de Entrada a la Parcela G-1; (2) Plano de Mensura; (3) Deposición de Miranda Matos; y, (4) *Demanda.*

No obstante, la *Moción Solicitando se Dicte Sentencia Sumaria,* incumple crasamente con los requisitos de forma establecidos en la Regla 36.3 de Procedimiento Civil, *supra.* Esto, pues, carece de una exposición breve de las alegaciones de las partes, los asuntos litigiosos o en controversia y la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria. Además, a pesar de que la solicitud establece los hechos esenciales y pertinentes sobre los cuales presuntamente no hay controversia sustancial, no se realizó con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal.

Asimismo, los documentos anejados a la solicitud de sentencia sumaria no están debidamente autenticados. Tampoco se anejó una declaración jurada a los efectos de subsanar dicho defecto.

Así pues, ante el incumplimiento de Alexis Gabriel Mercado López y Naylian Morales Santa con los requisitos de forma establecidos en la Regla 36.3 de Procedimiento Civil, *supra,* no procedía disponer de la causa de acción incoada en su contra por la vía sumaria, máxime cuando para dirimir la controversia, es necesario llegar a conclusiones basadas en aspectos subjetivos y de credibilidad.

En cuanto a la *Solicitud de Sentencia Sumaria* que presentó el Municipio, este alegó que el foro primario carecía de jurisdicción para atender la reclamación incoada, pues Miranda Matos no había evidenciado el cumplimiento con el Artículo 1.051 del Código Municipal. A esos efectos, en la *Sentencia* apelada, el TPI determinó que:

> [e]n primer lugar, la acción de daños y perjuicios contra el Municipio adolece de un defecto de carácter fatal, toda vez que la Parte Demandante incumplió con el requisito jurisdiccional e ineludible establecido en el Artículo 1.051 del Código Municipal, supra. No surge del expediente judicial del caso que la Demandante

haya cumplido con dicho trámite. Por lo tanto, el no haber notificado previamente y por escrito al Alcalde del Municipio dentro del plazo de noventa (90) días priva a este foro de atender la controversia sobre la reclamación de daños y perjuicios. Consecuentemente, esta falta de notificación oportuna tiene un efecto preclusivo que impide a este Tribunal asumir jurisdicción sobre cualquier reclamación presentada en este caso en contra del Municipio.

En el caso ante *nos*, la parte apelante advino en conocimiento de los daños sufridos el 12 de febrero de 2022, según surge de las alegaciones de la *Demanda*. Posteriormente, acudió en dos (2) ocasiones al Municipio, entiéndase el 14 de febrero y el 1 de marzo de 2022. Aunque la apelante no presentó la Notificación requerida por el Artículo 1.051 del Código Municipal, *supra*, incoo la *Demanda* el 18 de marzo de 2022 y el Municipio fue emplazado el 23 de marzo de 2022. Esto dentro de los noventa (90) días que dispone el Artículo 1.051 del Código Municipal, *supra*, que tiene una parte para notificarle al Alcalde los daños sufridos. Por lo cual, indiscutiblemente y conforme a lo resuelto en *Passalacqua v. Mun. de San Juan*, supra, el TPI albergaba jurisdicción para atender la causa de acción de daños y perjuicios presentada en contra del Municipio.

Asimismo, el foro primario determinó que:

[e]n segundo lugar, no surge del expediente judicial que la titularidad y el dominio del camino público fueran transferidos o enajenados a favor del Municipio. Tampoco surge de la evidencia presentada que el camino público fuese afectado y destinado a un uso público mediante legislación o reglamentación, por lo que se trata aquí de una propiedad privada de un titular desconocido que no figura como parte en el caso de epígrafe. Siendo el titular registral de la Parcela B una parte indispensable, conforme a la Regla 16.1 de Procedimiento Civil, un dictamen final sobre la acción reivindicatoria y la determinación de límites o responsables sobre el camino afecta ineludible y radicalmente sus derechos. En ausencia de una parte indispensable, este Tribunal carece de jurisdicción sobre el asunto en su totalidad, obligando a su desestimación.

Así, el TPI desestimó la *Demanda* por falta de jurisdicción por ausencia de una parte indispensable, pero obvió lo establecido por nuestro máximo Foro en *Cirino González v. Adm. Corrección et al.*, *supra*. En particular que, el hecho de no acumular una parte indispensable podría conllevar la desestimación del pleito, pero no

significa que se desestimará la causa de acción automáticamente. *Íd.* Esto, pues el tribunal puede brindarle la oportunidad a una parte de traer a la parte omitida, siempre que pueda asumir jurisdicción sobre ésta. *Íd.*

En el caso ante nuestra consideración, el foro primario no le brindó oportunidad a la parte apelante de incluir como parte indispensable al titular registral de la Parcela B y desestimó sin más la *Demanda*. Ahora bien, es nuestro criterio que no era necesario acumular como parte indispensable al titular registral de la Parcela B, puesto que la controversia estriba en torno al camino de uso público que presuntamente existía, la acción reivindicatoria en contra de Alexis Gabriel Mercado López y Naylian Morales Santa y los daños y perjuicios que pudiera haber sufrido Miranda Matos.

De otro lado, no surge de las alegaciones de la *Demanda* que el camino de uso público fue cedido al Municipio. Tampoco surge que la acción reivindicatoria haya sido presentada en contra del Municipio. No obstante, surge de la *Demanda,* claramente, que la acción reivindicatoria fue presentada en contra de Alexis Gabriel Mercado López y Naylian Morales Santa. Por lo cual, procede que el foro primario atienda la acción reivindicatoria en contra de Alexis Gabriel Mercado López y Naylian Morales Santa, a tenor con los requisitos establecidos en el Artículo 821 del Código Civil, *supra*, y ante la existencia de hechos materiales en controversia. No así en contra del Municipio.

Simultáneamente, procede que el TPI considere la acción de daños y perjuicios tomando en consideración las siguientes controversias de hechos:

1. Si los movimientos de tierra fueron realizados por el Municipio, por una compañía privada contratada por el Municipio o por un agente contratado por Alexis Gabriel Mercado López y Naylian Morales Santa.

2. Si existía un camino de uso público.

3. Si el Municipio arregló el camino de uso público.

4. Si Alexis Gabriel Mercado López y Naylian Morales Santa corrieron puntos y/o impactaron el terreno de Miranda Matos o el camino de uso público.

5. Si el Municipio era el responsable de darle mantenimiento al camino de uso público.

6. Si el terreno de la apelante colinda con el de Alexis Gabriel Mercado López y Naylian Morales Santa.

7. Si el terreno de la parte apelante ha quedado enclavado.

8. Si Alexis Gabriel Mercado López y Naylian Morales Santa se encuentran ocupando ilegalmente el terreno de la apelante y afectando su derecho propietario.

En el presente caso, las partes presentaron sus solicitudes de sentencia sumaria aduciendo inexistencia de hechos materiales en controversia. No obstante, al examinar el expediente de *novo* hemos percibido el incumplimiento con los requisitos de forma y fondo de la Regla 36 de Procedimiento Civil, *supra*, y la existencia de hechos materiales en controversia, así como la existencia de elementos subjetivos, de intención y de credibilidad, que impiden resolver las controversias por la vía sumaria. Por lo tanto, ante estas circunstancias, lo más apropiado es atender las causas de acción mediante un juicio en su fondo.

Por los motivos que anteceden, procede revocar la *Sentencia* dictada y devolver el caso al foro primario para la celebración del juicio.

**IV.**

Por los fundamentos antes expuestos, revocamos la *Sentencia* apelada. Se devuelve el caso al foro de instancia para los procedimientos ulteriores de acuerdo con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones